# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TRUSTEES OF THE OPERATING ENGINEERS'
LOCAL 324 PENSION FUND, OPERATING
ENGINEERS' LOCAL 324 HEALTH
CARE PLAN, OPERATING ENGINEERS' LOCAL
324 VACATION & HOLIDAY FUND, OPERATING
ENGINEERS' LOCAL 324 RETIREE BENEFIT FUND,
OPERATING ENGINEERS' LOCAL 324 APPRENTICESHIP
FUND, and OPERATING ENGINEERS' LOCAL 324
DEFINED CONTRIBUTION PLAN,
Trust Funds Established and Administered
Pursuant to Federal Law,

       Plaintiffs,                      Case No.  16-
v.                                           Hon.

FORMSPEC, INC., a Michigan corporation,

       Defendants.
_____/

**DAVID J. SELWOCKI  P51375**
**MATTHEW I. HENZI  P57334**
**BLAINE A. VELDHUIS P78840**
Sullivan, Ward, Asher & Patton, P.C.
Attorneys for Plaintiffs
25800 Northwestern Highway, Suite 1000
Southfield MI  48075
248-746-0700
_____/

## <u>COMPLAINT</u>

    **NOW COME** the above-named Plaintiffs, by and through their

attorneys, **SULLIVAN, WARD, ASHER & PATTON, P.C.**, and for their

Complaint against Defendants, FORMSPEC, INC., a Michigan corporation, state as follows:

1.      Plaintiffs are the Trustees of the OPERATING ENGINEERS' LOCAL 324 PENSION FUND, OPERATING ENGINEERS' LOCAL 324 HEALTH CARE PLAN, OPERATING ENGINEERS' LOCAL 324 VACATION & HOLIDAY FUND, OPERATING ENGINEERS' LOCAL 324 RETIREE BENEFIT FUND, OPERATING ENGINEERS' LOCAL 324 APPRENTICESHIP FUND, and OPERATING ENGINEERS' LOCAL 324 DEFINED CONTRIBUTION PLAN, (hereinafter referred to as "FUNDS"). The Funds are Trust Funds established under and administered pursuant to Section 302 of the Labor Management Relations Act (hereinafter referred to as "LMRA"), 29 USC §186; and the Employee Retirement Income Security Act of 1974 (hereinafter referred to as "ERISA"), 29 USC §1001 et seq., with administrative offices in the Township of Bloomfield, Oakland County, Michigan.

2.      Defendant FORMSPEC, INC. is a Michigan corporation with its principal offices in the State of Michigan (hereinafter "FORMSPEC").

3.      The Plaintiffs administer the FUNDS pursuant to the terms and provisions of their respective Agreements and Declarations of Trust.  The FUNDS have been established pursuant to a Collective Bargaining

Agreement heretofore entered into between Local Union No. 324, and 324-A Union of Operating Engineers, AFL-CIO (hereinafter referred to as "Union") and certain Employers and Employer Associations, whose members employ members of the Union, and are required to be maintained and administered in accordance with the provisions of the LMRA, ERISA and other applicable state and federal laws.

4.     At all times relevant hereto, Defendant FORMSPEC was signatory to a Collective Bargaining Agreement with the Union.

5.     The FUNDS are third-party beneficiaries of the Collective Bargaining Agreement.

6.     Pursuant to the terms and provisions of the Collective Bargaining Agreement between FORMSPEC and the Union, FORMSPEC agreed to pay, in addition to wages, employee fringe benefit contributions to the FUNDS for each employee employed by FORMSPEC, and covered by the Agreement.

7.     That pursuant to the provisions of the Collective Bargaining Agreement and the Trust and Plan documents of the FUNDS, contributions become vested plan assets on the date in which they are due.

8.     That pursuant to the Collective Bargaining Agreements, Defendant FORMSPEC is required to make fringe benefit contribution

payments to be remitted with the standard contribution form no later than the 15th day of the month following the month in which the hours were worked.

9. That pursuant to the Collective Bargaining Agreement, when such submission of payments and contributions are not timely made, the signatory employer is charged with liquidated damages, costs of collection and attorney fees.

10. That, pursuant to the Collective Bargaining Agreement and in accordance with the Agreement and Declaration of Trust for each of the FUNDS, the Trustees acting thereunder are authorized and empowered to examine and copy the payroll records and necessary books and records of a signatory employer to permit such Trustees to determine whether such an employer is making full payments as required under the Collective Bargaining Agreement.

11. That Plaintiffs are entitled as a matter of law to enforce collection of such delinquent fringe benefits pursuant to 29 USC §1132(g)(2) and Section 1145.

12. This court has jurisdiction pursuant to Section 301 of the LMRA, 29 USC §185, this being an action arising out of a Collective Bargaining

4

Agreement between the labor organization and an employer.  Jurisdiction and venue are also proper pursuant to 29 USC §1132(e).

### COUNT I – Breach of Collective Bargaining Agreement and 29 USC §1145

13.    Plaintiffs hereby incorporate and adopt by reference paragraphs 1 through 14 above as though fully set forth herein.

14.    That notwithstanding its contractual obligations, FORMSPEC has failed and refused to pay its obligations, therefore violating the Collective Bargaining Agreements and various provisions of ERISA, including but not limited to 29 USC §1145.

15.     Plaintiffs are without adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendants are ordered to specifically perform all obligations on Defendants' part required to be performed under the Collective Bargaining Agreements and are restrained from continuing to refuse to perform as thereunder required.

**WHEREFORE**, Plaintiffs request that this Honorable Court grant the following relief:

A.    Order an injunction against Defendants restraining it from continuing violations of the Collective Bargaining Agreements as set forth above;

B.   Enter an Order that Defendant FORMSPEC, INC. open its books and records for a complete payroll audit;

C.   Enter a Judgment in favor of Plaintiffs against Defendants, FORMSPEC, INC, for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due to the FUNDS during the pendency of this action;

D.   Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

E.   Any such other, further, or different relief as may be just and equitable under the circumstances.

## COUNT II – BUILDER'S TRUST FUND ACT VIOLATIONS

16.   Plaintiffs hereby incorporate and adopt by reference paragraphs 1 through 17 above as though fully set forth herein.

17.   The corporate Defendant was to hold fringe benefit contributions owed to the FUNDS in trust pursuant to the Michigan Builders' Trust Fund Act, MCLA §570.151-153.

18.   Based on the Defendant's failure to appropriately pay fringe benefit contributions to the FUNDS, the Defendant has violated the Michigan Builders' Trust Fund Act.

**WHEREFORE**, Plaintiffs request that this Honorable Court grant the following relief:

6

A. Order an injunction against Defendant restraining it from continuing violations of the Collective Bargaining Agreements as set forth above;

B. Enter an Order that Defendant FORMSPEC, INC. open its books and records for a complete payroll audit;

C. Enter a Judgment in favor of Plaintiffs against Defendants, FORMSPEC, INC. for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due to the FUNDS during the pendency of this action;

D. Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

E. Any such other, further, or different relief as may be just and equitable under the circumstances.

Respectfully submitted,

**SULLIVAN, WARD,**
 **ASHER & PATTON, P.C.**

By:   _s/David J. Selwocki_____
David J. Selwocki (P51375)
Attorney for Plaintiffs
1000 Maccabees Center
25800 Northwestern Highway
Southfield, MI  48075-8412
248-746-0700
jnicholson@swappc.com

Dated:  July 12, 2016

W1844107.DOCX/A56-117351